UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CINDY GUTIERREZ and TAMIKO DALE,<br><br>                      Plaintiffs,<br><br>v.<br><br>COAST COMMUNITY COLLEGE DISTRICT,<br><br>                      Defendant. | Case No.: 3:17-cv-01031-GPC-BLM<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>**(2) DENYING PLAINTIFFS' REQUEST FOR APPOINTMENT OF COUNSEL**<br>**[DKT. NO. 22]** |
|---|---|

      Before the Court is Plaintiffs' Motion for Reconsideration, which the Court construes to be a motion for reconsideration of its Dkt. No. 6 order denying Plaintiff's motion to appoint counsel. Dkt. No. 22. On May 25, 2018, the United States informed this Court of its decision to decline to intervene in this case. Dkt. No. 19. In its Dkt. No. 20 Order unsealing the complaint, the Court observed that under *Stoner v. Santa Clara County*, 502 F.3d 1116, 1126-27 (9th Cir. 2007), a pro se relator cannot prosecute a *qui tam* action on behalf of the United States. Thus, the Court set a status conference for July 27, 2018 at 1:30 PM to allow plaintiffs' time to obtain counsel in this case.

On June 11, 2018, Plaintiffs filed a "Motion of Reconsideration" asserting that they had contacted several firms to represent them, but that "the firms who specialize in qui tam law don't have knowledge and skill in foreign accounts with government grants to represent us." Dkt. No. 22. Plaintiffs, once again, request that this Court *sua sponte* appoint counsel to represent them in the case. The Court will construe the instant motion to constitute a motion for reconsideration of the Court's prior order (Dkt. No. 6) denying appointment of counsel. The Court has previously denied Plaintiffs' request for counsel and will deny the current motion because (1) Plaintiffs' have not adequately presented any grounds for reconsideration and (2) Plaintiffs' continue to fail to demonstrate any extraordinary circumstances that merit the appointment of counsel.

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.* Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a previously entered order. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The term "judgment" as used in the Federal Rules of Civil Procedure includes "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).

Generally, reconsideration of a prior order is appropriate only if the district court is (1) presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Whether to grant or deny a motion for reconsideration is committed to the "sound discretion" of the district court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Reconsideration motions are not intended to give parties a "second bite at the apple." *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342 L (LSP), 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009). Here, as a threshold matter Plaintiffs have failed to file an affidavit setting forth new circumstances which may support their renewed request for appointment of counsel. Moreover, plaintiffs' renewed request for counsel does not set forth any new circumstances that would support reconsideration of their motion for appointment of counsel. Consequently, the Court finds that there are no appropriate grounds to grant this instant motion for reconsideration.

In the alternative, the Court also considers the merits of the motion for appointment for counsel. "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (internal citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Neither the interests of justice nor exceptional circumstances warrant the appointment of counsel. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. Plaintiffs have purportedly contacted "several firms" for representation in the qui tam case but assert without justification that "[t]he firms who specialize in qui tam law don't have knowledge and skill in foreign accounts with government grants to represent us." Dkt. No. 22. The Court finds that Plaintiffs' non-specific contacting of

"several firms" is insufficient to weigh in favor of appointment of counsel. *Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *3 (D. Haw. Dec. 30, 2014) (reasoning plaintiffs' attempts to obtain counsel were insufficient where the plaintiff contacted seven attorneys); *see also Turner v. Dep't of Educ.*, 2010 WL 6571413, at *2 (D. Haw. Dec. 13, 2010) (same). While the merits of the case are not yet clear, the plaintiffs' inability to obtain counsel weighs against a finding of a likelihood of success. *See Howard v. Farmers Ins. Co.*, 2015 WL 1622981, at *2 (C.D. Cal. Apr. 10, 2015) ("While Plaintiff's likelihood of success on the merits is hard to estimate at this stage, if he is likely to succeed, that suggests . . . that he could probably find a private attorney to take the case for him.").

Significantly, several district courts have denied appointment of counsel in qui tam cases despite the relator's inability to bring the qui tam action pro se. *See, e.g.*, *U.S. ex rel. Williams v. Dep't of Corr.*, No. C13-5505 RJB, 2013 WL 3305485, at *2 (W.D. Wash. June 27, 2013) ("It would not be proper to permit Mr. Williams to initiate the suit without counsel."); *Hadi v. Pinal Cty. Cmty. Coll. Dist. Governing Bd.*, No. CV-13-00007-PHX-JAT, 2013 WL 4834020, at *1 (D. Ariz. Sept. 10, 2013); *Turner v. U.S. Dep't of Educ.*, No. 15CV424 BEN NLS, 2015 WL 4757055, at *3 (S.D. Cal. Aug. 10, 2015).

Accordingly, the Court **DENIES** Plaintiffs' motion for reconsideration and Plaintiff's request to appoint counsel. Pursuant to the Court's May 25, 2018 Order, Plaintiffs are directed to obtain counsel prior to the status conference on July 28, 2018 at 1:30 PM; failure to do so will result in the dismissal of this action pursuant to *Stoner v. Santa Clara County*, 502 F.3d at 1126.

**IT IS SO ORDERED.**

Dated: June 12, 2018

Hon. Gonzalo P. Curiel
United States District Judge

**CC:**

**U.S. Attorney's Office Southern District of California — Civil Division**

**Federal Office Building**

**880 Front Street, Room 6293**

**San Diego, California 92101-8893**