UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY GUTIERREZ and TAMIKO DALE,<br><br>Plaintiffs,<br><br>v.<br><br>COAST COMMUNITY COLLEGE DISTRICT,<br><br>Defendant. | Case No.: 3:17-cv-01031-GPC-BLM<br><br>**ORDER DENYING PLAINTIFFS' REQUEST FOR APPOINTMENT OF COUNSEL**<br>**[DKT. NO. 25]** |

Before the Court is Plaintiffs' Request for Appointment of Counsel Under the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(f)(1). Dkt. No. 25. On May 25, 2018, the United States informed this Court of its decision to decline to intervene in this case. Dkt. No. 19. In its Dkt. No. 20 Order unsealing the complaint, the Court observed that under *Stoner v. Santa Clara County*, 502 F.3d 1116, 1126-27 (9th Cir. 2007), a pro se relator cannot prosecute a *qui tam* action on behalf of the United States. Thus, the Court set a status conference for July 27, 2018 at 1:30 PM to allow plaintiffs' time to obtain counsel in this case.

The Court observes, as a threshold matter, that it has twice denied Plaintiffs' request for appointment of counsel. *See* Dkt. No. 6 (denying motion to appoint counsel);

Dkt. No. 23 (same). Plaintiffs raise their latest motion for appointment of counsel under the Civil Rights Act of 1964 (42 U.S.C. 2000e). This provision is inapplicable as Plaintiffs have not raised a civil rights case, but rather are bringing a *qui tam* case on behalf of the United States.

Nonetheless, the Court will once again consider and DENY Plaintiffs' motion for appointment of counsel. "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (internal citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Neither the interests of justice nor exceptional circumstances warrant the appointment of counsel. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. In their latest motion, Plaintiffs assert that they have contacted three law firms (Munster Law, Bergurson Law, and Gomez Law). Dkt. No. 25 at 7. These limited contacts at obtaining counsel weigh against the appointment of counsel. *Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *3 (D. Haw. Dec. 30, 2014) (reasoning plaintiffs' attempts to obtain counsel were insufficient where the plaintiff contacted seven attorneys); *see also Turner v. Dep't of Educ.*, 2010 WL 6571413, at *2 (D. Haw. Dec. 13, 2010) (same). While the merits of the case are not yet clear, the

plaintiffs' inability to obtain counsel weighs against a finding of a likelihood of success. *See Howard v. Farmers Ins. Co.*, 2015 WL 1622981, at *2 (C.D. Cal. Apr. 10, 2015) ("While Plaintiff's likelihood of success on the merits is hard to estimate at this stage, if he is likely to succeed, that suggests . . . that he could probably find a private attorney to take the case for him.").

Significantly, several district courts have denied appointment of counsel in qui tam cases despite the relator's inability to bring the qui tam action pro se. *See, e.g.*, *U.S. ex rel. Williams v. Dep't of Corr.*, No. C13-5505 RJB, 2013 WL 3305485, at *2 (W.D. Wash. June 27, 2013) ("It would not be proper to permit Mr. Williams to initiate the suit without counsel."); *Hadi v. Pinal Cty. Cmty. Coll. Dist. Governing Bd.*, No. CV-13-00007-PHX-JAT, 2013 WL 4834020, at *1 (D. Ariz. Sept. 10, 2013); *Turner v. U.S. Dep't of Educ.*, No. 15CV424 BEN NLS, 2015 WL 4757055, at *3 (S.D. Cal. Aug. 10, 2015); *U.S. ex. rel. Schwartz v. TRW Inc.*, 118 F. Supp. 2d 991, 996 (C.D. Cal. 2000) (denying request for private counsel at public expense in qui tam action).

Accordingly, the Court **DENIES** Plaintiff's request to appoint counsel. Pursuant to the Court's May 25, 2018 Order, Plaintiffs are directed to obtain counsel prior to the status conference on **Friday, July 27, 2018 at 1:30 PM**; failure to do so will result in the dismissal of this action pursuant to *Stoner v. Santa Clara County*, 502 F.3d at 1126.

IT IS SO ORDERED.

Dated: July 23, 2018

Hon. Gonzalo P. Curiel
United States District Judge

**CC:**

**U.S. Attorney's Office Southern District of California — Civil Division**

**Federal Office Building**

**880 Front Street, Room 6293**

**San Diego, California 92101-8893**